## Mims *v.* The State.

The words "other table of like character," in ?4540 of the code, embrace any table on which visible, material or mechanical means are employed to dispose of money or other articles of value, by chance, under conditions of risk, and with the result of profit to one of the participants and loss to another. Hence a table on which are placed articles of merchandise of unequal values, the particular parcel disposed of in the given instance being determined by the revolution of a spindle and the stoppage of the same opposite the point where the article rests on the table, the uniform price of each turn of the spindle being ten cents, is a table of like character with a roulette, A B C or faro table. The question of "like character" or not, as to the species of table, is one of law for determination by the court, but the ques-

tion whether the particular table is of that species is one of fact for the jury. The finding of the jury was a necessary result from the evidence and the law applicable thereto, and there was no error in refusing a new trial.

March 5, 1892.

Criminal law. Gaming-table. Before Judge MARTIN. Marion superior court. October adjourned term, 1890.

The defendant was convicted of the offence of keeping a gaming-table. His motion for new trial was overruled, to which he excepted. In addition to the grounds that the verdict was contrary to law, evidence, etc., it was alleged in the motion that the court erred in charging: "If you believe from the testimony that the defendant had or kept a table upon the top of which was a spindle that revolved on a pivot and had a hand that pointed outward, which spindle in rotating or turning described a circle, and in the line of this circle were pegs or nails driven to the number of seventy or more; that at one of these pegs or nails a dollar or some article of its value is placed, at another fifty cents or some article of its value was placed, and at the other pegs or places nothing or some article of very little or no value was placed; and if you further believe from the testimony that the defendant kept such table for the purpose of inducing others to take chances at the articles of value, by paying him money for the privilege of turning the spindle, and others did pay for and hazard their money by turning the spindle, not knowing at what point the hand would stop, but took the risk of getting the article of much value or article of little or no value, then I charge you that you would be authorized to find that the defendant kept a gaming-table." Also, because the court erred in refusing to charge as follows: "If you believe this was a table at which playing and betting was not done, then you should find the defendant not guilty; and playing and betting under the law governing this case means similar playing and

betting as is carried on at a faro table, E O table, A B C table, roulette table, or other table of like character."

The evidence showed that the defendant had, on the public square in Buena Vista, a common wooden table and had on its top a spindle or lever revolving on a pivot, which spindle or lever in revolving described a circle, which circle had in its arc pegs or nails about four inches apart, which were slightly touched by a string at the end of the lever as it turned, and by which pegs or nails lay pencils, collar-buttons, rings, socks, knives, and some other article of merchandise by each peg or nail. By one peg was a silver napkin-ring which the defendant said was worth one dollar; by another was a collar-button which he said was worth fifty cents. Persons would come to the table and pay him ten cents for the privilege of turning the lever; such person would then give it a whirl, and would get the pencil, collar-button or other article lying by the peg at which it stopped. There was something by each nail or peg, some article of merchandise of some value. The table was run publicly and in the daytime. The defendant stated to his patrons that if any of them got the napkin-ring or collar-button, he would give them one dollar for the ring or fifty cents for the button, as they preferred. He was working for a man who had a license to sell goods as an itinerant trader.

M. McMICHAEL, by C. J. THORNTON, for plaintiff in error.

A. A. CARSON, solicitor-general, by J. H. WORRILL, contra.