## WHITE *v.* THE STATE.

The evidence was not sufficient to warrant a conviction, and the court therefore erred in overruling the petition for certiorari.

Submitted April 22, — Decided June 3, 1902.

Certiorari. Before Judge Roberts. Irwin superior court. March 12, 1902.

*Quincey & McDonald* and *McDonald & Quincey*, for plaintiff in error.

LUMPKIN, P. J. The plaintiff in error was convicted, in the county court of Irwin county, of the offense of keeping a gaming-house. He sued out a certiorari, complaining that his conviction was not warranted by the evidence. Taking the testimony introduced on the trial most strongly for the State, it was sufficient to establish the following facts only: There were in the city of Fitzgerald three small houses adjacent to each other. One of them was occupied by the accused as a tenant, and the distance between it and another of them was about six feet. In the latter the accused was on one occasion seen in company with several other persons, and they were all engaged in gaming for money with cards. The accused had, however, no control over this house as tenant, or in any other manner whatsoever. The roof of the house which he rented extended over the roof of that in which the gaming was seen, or there was a continuous roof covering the two houses. In addition to the testimony relating to the occasion referred to above, one Wright, a witness for the State, testified, that "he boarded with defendant; that it was a common thing for negroes to congregate at Oscar White's house; that he has seen gambling going on there; that he saw a gambling done on Oscar White's steps." The certio-

rari was overruled by the superior court, and White excepted.　We
agree with his counsel in the position that the evidence was in-
sufficient to support the conviction.　It can not stand upon the
testimony with respect to the gaming seen in the house other than
that occupied by the accused as a tenant.　This is so for two rea-
sons.　In the first place, he did not occupy or maintain the house
in which this gaming was done; it was not his establishment; it
was not shown that he assumed control over it; and it does not
appear that he was any more responsible for the gaming done in
that house than any of the other persons with whom he was seen
therein.　The mere physical fact that the roof of the house which
the accused did occupy and control extended over the roof of the
other, or that one continuous roof covered both houses, certainly
did not, either as matter of law or of fact, make him the keeper of
the house adjacent to his own.　In the second place, even if it had
appeared that the other participants in the game were bidden by
the accused to the house in which they were found gaming, and
that he was in control thereof at the time they were detected, it
was at most but a single instance, and a conviction of the offense
of keeping a gaming-house can not stand upon such slight proof.
See, in this connection, *Bell* v. *State*, 92 *Ga.* 49.

It is also clear, we think, that the conviction of the accused can
not stand upon the testimony of the witness Wright.　He testified
merely that "it was a common thing for negroes to congregate at
Oscar White's house"; that he had "seen gambling going on
there"; and that on one occasion he "saw a gambling done on Oscar
White's steps."　Certainly, it did not make White's house a gaming-
house for his friends or neighbors to congregate there; and it will
be observed that the witness Wright did not undertake to testify
that he had ever seen gaming done on White's premises except on
one occasion, and it does not appear that he was then present or
had any knowledge concerning the same.　The witness may have
meant, by his statement that he had "seen gambling going on there,"
to refer to that occasion only.　If he really knew more about the
matter than his testimony would seem to indicate, why did not
counsel for the State, by a proper and thorough examination, bring
out fully all that the witness did know?　The circumstance that
his testimony was left in the shape in which we find it leads to the
conclusion that he really did not know enough to make out a case

for the State.    At any rate, we are satisfied that the State did not prove beyond a reasonable doubt that the accused kept a gaming-house.    For the reasons above set forth we are of the opinion that the certiorari ought to have been sustained.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*