### 7341. BLUHAKIS *v.* THE STATE.

WADE, J. 1. "Where an indictment covered not only the keeping of a gaming-house, but knowingly permitting persons to come together and play for money at prohibited games in a house or room occupied by the accused, and where the evidence disclosed a single instance of gaming, but no more than one, a conviction could be had whether this constituted the house a gaming-house or not." *Bell* v. *State,* 92 *Ga.* 49 (18 S. E. 186). Though proof of a single act or instance of gaming in a house or room will not alone constitute the place a gaming-house or room (*White* v. *State,* 115 *Ga.* 570, 41 S. E. 986), "yet such an act together with all the attendant circumstances and surrounding indications may be sufficient evidence to show that the house or room is really one of that character." *Bell* v. *State,* supra.

(*a*) The evidence in this case authorized the inference, drawn by the jury, that the gaming carried on in a certain room occupied or controlled by the defendant was so carried on with his knowledge and permission.

2. Section 389 of the Penal Code of 1910 (as to gaming-houses, etc.) defines one offense, which may be committed in three ways. Therefore,

proof sufficient to support a conviction of the commission of the offense in one of these ways is likewise sufficient to support a general verdict of guilty. *Bashinski* v. *State*, 123 *Ga.* 508 (51 S. E. 499). See also *Sutton* v. *State*, 124 *Ga.* 815 (53 S. E. 381); *Dohme* v. *State*, 68 *Ga.* 339.

3. In this case the accusation was as broad as section 389 of the Penal Code. It charged not only that the accused "did keep and maintain a gaming-house," but that he "did in a certain place, to wit, a certain room, occupied by him, permit persons, with his knowledge, to come together and play for money at a certain game for the hazarding of money," specified in the indictment. On such an accusation it was not error for the court (in the absence of a request) to omit to charge that "a single act of gaming, without more, will not constitute the house in which it occurs a gaming-house, but it is sufficient to show a single occasion when one permits persons with his knowledge to come together and play for money." The permission might be inferred from the other circumstances and surroundings tending to show that the house or room was a gaming-house, from which the jury could reasonably infer that the defendant had knowledge of its use as such a house.

4. In the absence of any proper request for further instructions, the charge of the court was sufficiently full, and fairly presented the issues to the jury. The evidence, though circumstantial, was sufficient to authorize the conclusion reached by the court as to the guilt of the defendant, to the exclusion of every other reasonable hypothesis.

*Judgment affirmed.*

DECIDED MAY 18, 1916.

Accusation of keeping gaming house; from city court of Savannah—Judge Davis Freeman. March 1, 1916.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.