## 11379.  CUMMINGS v. THE STATE.

BROYLES, C. J.  1. The evidence, as disclosed by the record, was insufficient to authorize the defendant's conviction of keeping a lewd house, and the court erred in overruling the motion for a new trial.

2. Under the above ruling it is unnecessary to consider the special grounds of the motion for a new trial.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1920.

Accusation of maintaining and keeping a lewd house; from city court of Douglas — Judge Henson.  February 19, 1920.

From the evidence it appeared that George Cummings, the defendant, was employed as caretaker of the Country Club, near Douglas, Georgia, and was furnished a house for himself at the grounds of the club.  In this house a constable discovered a man and a woman in bed together and in their night-clothes, about two or three o'clock in the afternoon, drunk and asleep or feigning sleep.  The defendant told the constable that they came to the club that morning before day and wanted him to go to town and get for them some cigarettes and chicken, and that, after day and after he had been given a drink of whisky and a dollar by the man to go to town and get something to eat for them, he went to town, and he did not return until after they were arrested; he first said that when he went to town he left them on the veranda of his house and left the door of the house closed, but not locked, and that they forced their way into the house; but he later told the constable that he took them in.  The constable testified that the man was married, but he did not know whether the woman was married.  A brother of the man found in bed with the woman testified that early in the morning the defendant came to him and told him that the couple were in his house drunk and sent him to get them something to eat, and that he was taking care of them; and he (the witness) went to the defendant's house in the afternoon and saw the man and the woman in bed together in the condition described above.  He further testified:  " Some time before this happened I was taking the defendant out to the club in my car,  .  .  and he told me that any time I wanted to bring a woman out to the club I could bring her to his house and he would furnish me a place, but told me to wait until late at night to come, and be sure not to come until all the club members left the club."

It was testified that the president of the club placed the defendant in charge of it, with direction not to let any immoral people go there, and to notify him or Mr. Shelton, cashier of the Union Banking Company, if any such people went there, and that he did not so notify them. In the defendant's statement at the trial he said that when he left the man and the woman at his house they were on the veranda and the door of the house was closed, and he did not know they were in the house until after they were arrested; and that when he went to town he reported at the bank of the Union Banking Company that these people were out at the club drunk, and he did not return until after the arrest; that they came to his house about 3 o'clock that morning after a dance at the club and after the club members had left, and came into the veranda of his house and stayed until day.

It was contended that proof of a single act of fornication or adultery in a house would not be sufficient to authorize a conviction under the statute (Penal Code of 1910, § 382) under which the accusation was made.

*L. E. Heath, Casey Thigpen,* for plaintiff in error, cited: Penal Code (1910), § 382; 14 *Ga. App.* 110; 23 *Ga. App.* 727; 5 *Ga. App.* 766; 2 *Ga.* App. 433; 115 *Ga.* 571; 92 *Ga.* 49; 18 *Ga. App.* 112; 4 *Ga. App.* 336.

*J. A. Roberts,* solicitor, *McDonald & Willingham, E. L. Grantham,* contra, cited: 24 Cyc. 792, and cit.; 120 *Ga.* 201.