## Everman v. Commonwealth.

(Decided February 23, 1923.)

### Appeal from Carter Circuit Court.

1. Intoxicating Liquors—Aiders and Abettors.—To convict one as an aider or abettor of a violation of the Rash-Gullion act, it must be shown that the accused person knowingly did something that he ought not to have done or omitted to do something that he ought to have done that aided or abetted another in a violation of the act.

2. Intoxicating Liquors—Circumstantial Evidence.—Where knowledge is an indispensable element to an offense it will not be inferred from suspicious circumstances alone; but it may be drawn from circumstances that reasonably induce a belief in its existence.

3. Intoxicating Liquors—Evidence.—The evidence in this case held insufficient to warrant a conviction of the offense charged.

THOS. S. YATES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Rosa Everman was tried in the Carter circuit court on the charge of aiding and abetting another in violating the prohibition law of 1922, an offense denounced by section 5 of chapter 33 of the Acts of 1922. She was convicted, and fined $100.00, and sentenced to confinement

in the county jail for thirty days. On this appeal she asks a reversal of the judgment on the sole ground that there was not sufficient evidence to submit the case to the jury.

In May, 1922, Luther Waugh and Logan Jessee placed some whiskey in Everett Newland's barn, in the town of Grayson.. Newland, on discovering that the whiskey was there, ordered them to take it out, and, at the solicitation of Jessee, Waugh put two half-gallon cans in his pocket, went to Mrs. Everman's hotel or boarding house, asked her if her garage was locked, and, when informed that it was unlocked, went through the house into the garage and put the two cans on the floor. Jessee and Waugh ate supper at Mrs. Everman's hotel that evening, and after supper Waugh procured one of the cans of whiskey from the garage and took it down town and sold it. He came back to the hotel and, in the presence of Mrs. Everman, gave the money to Jessee, telling him, "here is the money that Evert Rupert sent." It also appears that after supper Jessee got the rest of the whiskey out of the garage and he and some others drank it in Mrs. Everman's hotel. It is not shown, however, that Mrs. Everman saw them drink it, nor is it shown that she knew that they had it in the hotel or had put it in the garage. There are circumstances from which it could be suspected that she knew the whiskey was taken into the garage and that part of it was consumed in the hotel, but there is nothing in the record to show that she saw it at any time or knew that it was in the garage or the hotel.

To convict one of an offense under the provision of the Rash-Gullion Act referred to, it must be shown that the accused person knowingly did something that he ought not to have done or omitted to do something that he ought to have done that aided or abetted another in a violation of the Act. The statute is not difficult of application, for one can imagine many states of fact that would come within its inhibition. Knowledge on the part of the accused is, however, an indispensable element of a provable case. That it may be drawn from circumstances that reasonably induce a belief in its existence is indisputable. Mobley v. Commonwealth, 190 Ky. 424; Bowling v. Commonwealth, 193 Ky. 642. It is equally true that it cannot be inferred from suspicious circumstances alone. Binion v. Commonwealth, 195 Ky. 217. Appellant was engaged in the hotel business. Her house was a place of public entertainment. And while we do not hold in such cir-

cumstances that it was necessary for the Commonwealth to prove that appellant actually saw the liquor and aided in the concealing or keeping of it, we do think it was necessary to show facts and circumstances from which it could be reasonably inferred that she knowingly aided or assisted in unlawfully acquiring, retaining or concealing it. The evidence, in our opinion, does not meet this requirement, and for that reason it was error to submit the case to the jury.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.