## Nunnelley v. Commonwealth.

(Decided May 22, 1925.)

### Appeal from Mercer Circuit Court.

1. Intoxicating Liquors—Knowledge is Indispensable Element of Offense of Aiding and Abetting Violation of Rash-Gullion Act.—Knowledge is indispensable element of the offense denounced by

Kentucky Statutes, Supplement 1924, section 2554a-5, punishing any person who knowingly aids or abets another in violating Rash-Gullion Act.

2. Intoxicating Liquors—Instruction Predicating Guilt on Unlawfully Aiding and Abetting Transportation of Whiskey is Erroneous—"Unlawfully"—"Knowingly."—Instruction that accused would be guilty of offense denounced by Kentucky Statutes, Supplement 1924, section 2554a-5, if he unlawfully aided and abetted in transporting whiskey, is erroneous for omitting the word "knowingly;" "unlawfully" not being sufficient or equivalent to "knowingly."

KING SWOPE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Under a warrant which has been lost, but which it is agreed by the parties hereto properly charged appellant with the offense of unlawfully transporting whiskey, he was tried and found guilty under an instruction which submitted to the jury only the question whether or not he had aided and abetted such transportation. That instruction reads:

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant, J. F. Nunnelley, in this county and at the time mentioned in the evidence and within 12 months before the finding of the warrant, did unlawfully aid, abet and assist the parties whose names are mentioned in the evidence, to-wit, Harry Gresham and Harry Brookin, or any one, in transporting liquor to the point where this liquor was discovered as mentioned in the evidence, you should find the defendant guilty and fix his punishment at a fine of not less than one hundred dollars nor more than three hundred dollars, and imprisonment for not less than thirty days nor more than sixty days."

Section 2554a-5 of the Kentucky Statutes provides that "every person knowingly aiding or abetting" any person in the violation of any provisions of our prohibition act known as the Rash-Guillion Act, "shall be deemed a principal and punished as such." It was under this section of our statutes that the trial court submitted this case to the jury.

In Everman v. Commonwealth, 198 Ky. 5, 248 S. W. 485, we held that knowledge is an indispensable element of the offense denounced by section 2554a-5, *supra,* and in Thompson v. Commonwealth, 202 Ky. 674, 261 S. W. 5, we held that where knowledge is an indispensable element of an offense, it is not sufficient in the instructions to the jury to substitute the word "unlawfully" for "knowingly" as the use of the word "unlawfully" is in no sense equivalent to the use of the word "knowingly." It is patent, therefore, that the instruction in this case above set out is erroneous in that it nowhere has in it the word "knowingly" but only the word "unlawfully" which is not sufficient or equivalent to the word "knowingly."

Because of the error in the instruction above pointed out, this case is reversed for a new trial.

Judgment reversed.