34020. MARANO *v.* THE STATE.

DECIDED MAY 6, 1952.

*Edward A. Dutton, Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr.,* contra.

GARDNER, P. J.   Code § 26-6401, for violating which the defendant was tried and convicted, provides that "Any person who shall, by himself, servant, or agent, keep, have, use, or maintain a gaming house or room, or shall in any house, place or room occupied by him, permit persons, with his knowledge, to come together and play for money or any other valuable thing at any game or device for the hazarding of money or other thing of value, shall be guilty of a misdemeanor."   It is true that evidence sufficient to support a conviction of the defendant in any one of the three ways defined by this section is sufficient to support a general verdict of guilty.   See *Bluhakis* v. *State,* 18 *Ga. App.* 112 (88 S. E. 911).   In order to support a conviction of the defendant under the provisions of the above Code section, the proof must show: either (1) that the defendant kept, had, used or maintained a gaming house or room; (2) or that the defendant permitted persons, with his knowledge, to come together in a house or room occupied by him, and there play for money or other valuable thing; or (3) that the defendant permitted his servant or agent to operate for him a gaming house.

The evidence here was to the effect: that the defendant operated in said county a night club or restaurant, known as the Anchorage, having owned and operated the same for five or six years; that, on July 12, 1951, three police officers, who testified for the State, went to the defendant's night club and asked for the defendant, and he was not there; that they entered and found the door to the room where the tables were found locked; that they opened the door with a knife; that they found a square table which had a rail around it, and which could be used to roll dice on, which is a gambling game; that they found another table, which had a horseshoe gate on it with numbers around the horseshoe and a table like that which is used to play

Black Jack upon; and that there were cards and chips and a stick for raking dice found in a little storeroom back of the room where the tables were. There was no evidence that any of such games had been played on these tables or in this room or with any of this paraphernalia. The officers testified that some of the county police were in this place "practically every night." There was evidence by these officers that the defendant's club was "as nice a place as we have in Chatham County," and the "police department never has had any complaints or trouble about the Anchorage" during the eleven years the witness had been on the force. The testimony was that, on the night of July 12, 1951, when the officers seized the above tables and articles found in this room at the defendant's night club, there were about 75 people in the club and everything was orderly. Sergeant Love of the county police testified: "As far as any gambling going on about the Anchorage, I had no knowledge of it. I have not seen it and have not heard of it." Another of the officers making the raid testified that he was in and out of the defendant's place frequently, at least every other night, and "I have not seen any evidence of anybody occupying this room for gambling or for any other purpose" and "if there had been any gambling in the room . . I could have heard it—the chances are I could have." There was evidence that the tables were in good condition and clean and that the cards were in good condition but had apparently been opened. The defendant, in his statement, said that these tables and articles had been given to him by a friend some years before for the defendant to store for him, which the defendant did.

The defendant was not charged with violating Code § 26-6403, which provides that, "If any person shall, by himself or servant or other agent, keep or employ any table of whatever name, kind, or description for gaming, and shall, by himself, servant, or agent, preside or deal at, or use, any such table for the purpose of playing and betting at the same, he, his servant, and agent, so offending, shall be guilty of a misdemeanor." This section includes any device that may be kept or used by one person that others may play and bet at. See *Brown* v. *State*, 40 *Ga.* 689; *Bethune* v. *State*, 48 *Ga.* 505, 510; *Mims* v. *State*, 88 *Ga.* 458 (14 S. E. 712).

The evidence adduced was wholly insufficient to sustain a conviction of the defendant for violating Code § 26-6401, under which the accusation in this case was drawn and for a violation of which the defendant was tried and convicted.

It follows that the court erred in overruling the defendant's motion for a new trial on the general grounds, the verdict of guilty being without evidence to support the same, unauthorized by the evidence, and contrary to the law. Taking this view of the case, it is unnecessary to pass upon the alleged errors specially assigned.

*Judgment reversed. · Townsend and Carlisle, JJ., concur.*