## 35498. KELLY *v.* THE STATE.

DECIDED JANUARY 27, 1955.

*Peter J. Rice,* for plaintiff in error.

*George D. Lawrence, Solicitor-General,* contra.

GARDNER, P. J. 1. We have read many cases cited by counsel for the defendant and for the State. In our opinion we have a case rendered by this court which is practically on all fours with the instant case, i. e., *Rhoddenberry* v. *State,* 50 *Ga. App.* 378 (178 S. E. 170). In that case at page 380 this court said: "In order to convict in this case it must be shown that the accused knowingly had, possessed, - or controlled intoxicating liquor. She must have done something she ought not to have done or omitted to do something she ought to have done with reference to the whisky, and while it is not necessary, in order to constitute the offense of unlawful possession, that the defendant should have legal control or that it should have been her property, it is essential that she should have the power to control it, and if the whisky was placed in defendant's restaurant and she knew it, she acquiesces in the possession and is criminally liable therefor. 'Knowledge on the part of the accused is, however, an indispensable element of a provable case. That it may be drawn from circumstances that reasonably induce a belief in its existence is indisputable. . . It is equally true that it can not be inferred from suspicious circumstances alone.' Everman *v.* Commonwealth, 198 Ky. 5 (248 S. W. 485). The defendant was engaged in the restaurant business. Her restaurant was in a measure a place of public entertainment, and, while we do not hold that it was necessary for the State to prove that the defendant actually saw the whisky, we do think that it was necessary to show facts and circumstances from which it could be reasonably inferred that she knowingly had, possessed, or controlled the whisky. We do not think the evidence meets this requirement; and accordingly it was error to overrule the motion for a new trial. *Smith* v. *State,* 5 *Ga. App.* 834 (63 S. E. 928) ; *Sewell* v. *State,* 11 *Ga. App.* 754 (75 S. E. 1135) ; *Parker* v. *State,* 24 *Ga. App.* 158 (100 S. E. 38); *Troup* v. *State,* 30 *Ga. App.* 346 (3) (117 S. E. 410). This case differs from those cases in which whisky is found in the home which is occupied only by

'the defendant and his family, for no one has the right to go there without their permission. On the other hand a restaurant is a place where whosoever wishes may visit."

The evidence is insufficient, as a matter of law, to sustain the verdict as to the general grounds.

2. Special ground 1 assigns error on the refusal of the court to declare a mistrial, and special ground 2 assigns error on the court's charge; and when viewed in the light of this whole record, they are without merit.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*