### 35608. Sheppard *v.* The State.

Carlisle, J. The appellant, C. L. Sheppard, and Horace Grimsley were tried and convicted under an accusation which charged that they "did unlawfully keep and maintain a gaming house and did in a certain place, to wit, in a certain house located at the New Yorker Club on Lathrop Avenue in Savannah, Chatham County, Georgia, occupied by him [them?] permit, to wit, R. E. Smith and others whose names are unknown, with his [their?] knowledge to come together and play for

money at a certain game for the hazarding of money, said scheme being a game of dice and known as craps." It appears from the evidence: that Sheppard was the owner and operator of the New Yorker Club, and Grimsley worked for him as bartender; that, on the night of October 9, 1954, two persons, whose names are unknown, came into the club with a portable dice table in the form of a suitcase, and placed it on the table in one of the booths in the club and engaged in playing dice; that another customer in the club was drawn into the game, and Grimsley was present; that, after losing about $40, the customer who had been drawn into the game, Mr. Smith, charged the two unknown players with cheating, and Grimsley, who had been placing "side bets" on their plays, bet Smith $10 that he was wrong, and when Smith informed him that he intended to call the police, Grimsley struck him over the head with a bottle; that, during the altercation, the two unknown players closed their portable table and disappeared with it; that Grimsley fired several shots from a pistol at the car in which Smith left the club; that no one paid Grimsley for playing dice in the club, nor did he participate directly in the game; that the appellant, Sheppard, was not present in the club during all this time and did not arrive there until about the time the police arrived; that he was not shown to have had any knowledge of the dice game, and in his statement to the court—sitting without the intervention of a jury—he denied all knowledge of the game, and Grimsley in his statement denied that he had ever seen the two unknown men and their portable dice table before or since. While, under the terms of Code § 26-6401, under which the accusation was obviously drawn, "Any person who shall, by himself, servant, or agent, keep, have, use, or maintain a gaming house or room, or shall in any house, place, or room, occupied by him, permit persons, with his knowledge, to come together and play for money or any other valuable thing at any game or device for the hazarding of money or other thing of value, shall be guilty of a misdemeanor"—the evidence is insufficient to support a conviction of Sheppard of the commission of the offense in either of the three ways defined by this section. Although all who are concerned in the commission of a misdemeanor are in fact principals, the evidence failed to show that the defendant Sheppard was criminally connected by act or intent with the commission of the offense. See, in this connection, *Ponder* v. *State*, 18 *Ga. App.* 703 (90 S. E. 365); *Bluhakis* v. *State*, 18 *Ga. App.* 112 (88 S. E. 911); *Gentry* v. *State*, 65 *Ga. App.* 100 (15 S. E. 2d 464). The trial court consequently erred in denying the motion for a new trial, which was based solely on the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided March 17, 1955.

Gilbert E. Johnson, Allyn M. Wallace, Oscar C. Burnett, Jr., James E. McAleer, Jr., for plaintiff in error.

Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General, contra.