### 36105. WOOD *v.* CITY OF ATLANTA.

Decided March 14, 1956.

*James H. Dodgen,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins,* contra.

TOWNSEND, J. ■ Fulton County being a wet county, to which the provisions of Chapter 58-1 do not apply, Code § 58-104, making it a misdemeanor to keep or maintain a place where the liquors prohibited by Chapter 58-1 are drunk is not of force within the limits of such county (*Robinson* v. *State,* 88 *Ga. App.* 509, 76 S. E. 2d 817) and accordingly the ordinance under which the defendant was convicted is not void as being in conflict with this statute in its operation. Whether the ordinance would be invalid for other reasons as making penal that which, under the provisions of Chapter 58-10 has been legalized, or because in conflict with State statutes covering the same subject matter, is a question which was not raised in the trial court and is accordingly not before this court for decision.

■ The offense set out in the ordinance is that of maintaining a place (a) where the proprietor keeps or sells alcoholic liquors, permitting men and women to come there and either drink or commit acts of immorality, or (b) where the proprietor maintains a place where men and women come to idle away their time with-

580

out working, such men and women having no visible means of support. The testimony in support of the charge is that on a single occasion a woman was found in her home with seven other persons, both men and women. One of these persons was drunk. One was characterized as a vagrant, but it is not shown how long he had been in the house and whether or not he was "idling away his time" there. Each of these facts individually and all of them put together are perfectly consistent with the hypothesis that the defendant was, on this single occasion, entertaining a group of friends, and that she or they or some of them were violating the penal statute relating to possession of non-tax-paid liquor. There is no evidence whatever that she was *maintaining* the premises for the purposes prohibited, nor is there evidence that liquor was either kept or sold on the premises, that acts of immorality were committed, or that any disorderly or other illegal act was being performed. The maintaining of premises for illegal purposes usually connotes more than one isolated transaction (*Fanning* v. *State*, 17 *Ga. App.* 316, 86 S. E. 731); *Bell* v. *State*, 92 *Ga.* 49, 18 S. E. 186); *Bluhakis* v. *State*, 18 *Ga. App.* 112 (88 S. E. 911); *Smith* v. *State*, 36 *Ga. App.* 630 (137 S. E. 791); *Ward* v. *State*, 14 *Ga. App.* 110 (80 S. E. 295); *Cummings* v. *State*, 25 *Ga. App.* 319 (103 S. E. 193). Where the evidence is equally consonant with either guilt or innocence on the part of the accused of the particular charge of which she stands convicted, it is not sufficient to exclude every reasonable doubt save that of her guilt.

Accordingly, the evidence is not sufficient upon which to predicate the conviction, and the judge of the superior court erred in refusing to sanction the application for writ of certiorari.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*