## 48694. GOLSON v. THE STATE.

HALL, Presiding Judge. On February 3rd, 1973, agents of the

Georgia State Patrol stopped an automobile which they observed weaving about the road. The automobile was driven by Golson, appellant here, and occupied by three other persons including one Castellow. As the car stopped, the troopers saw Golson throw a package out of the driver's window over the car into the grass. The package contained heroin. Golson was indicted and tried for heroin possession in violation of the Georgia Uniform Narcotic Drug Act. At trial, the only defense was Golson's unsworn statement in which he averred that Castellow had handed him the package and told him to get rid of it. He also presented a host of character witnesses, most of whom worked with him in the public school system in which he was a teacher. He was convicted and sentenced to a fine of $500 and two years' imprisonment. This is his appeal from the denial of his new trial motion.

1. Golson first enumerates as error the denial of his new trial motion on the general grounds, urging that "there is no evidence to authorize the inference that appellant was aware of the illegal character of the package he was seen throwing . . ." Passing over the question of how much knowledge is required to convict under Code Ann. § 79A-803, we find that appellant's argument is flatly contradicted by his unsworn statement. In that statement he detailed the events of a Saturday spent with some acquaintances during which he twice saw two of them in the back of the house sticking needles into themselves and subsequently saw that they appeared to be under the influence of drugs. The statement further explained to the jury how he came to throw the heroin out of the car window as he was traveling with these persons later: "By this time we got about six or seven miles from Forsyth, the light of the patrol car came on and at this particular time, that's when Castellow gave me this package and told me to get rid of it. So knowing what I saw back there in that house, I had a feeling that this was probably some of the same stuff that they were shooting back there in the house so I didn't really—I didn't have much choice but to throw it out and that's what I did, I threw it out and the trooper, I can't think of his name, he sits there, he saw me throw it out and I did throw it out but I don't know what it was, but I had a feeling it was something that they was shooting back there in the house." Thus, by Golson's own admission, he "had a feeling" the package contained illegal drugs and he got rid of it for that reason. This "feeling" falls into the category of "guilty belief," as set forth in Perkins, Criminal Law, pp. 683, 684, which, when such belief is correct (and it was correct

here) constitutes " 'knowledge' as the word is used in regard to mens rea." Moreover, knowledge may be inferred from circumstances (*Cobb v. State,* 125 Ga. App. 556 (188 SE2d 260)), and the intention with which an act is done is peculiarly for the jury (*Cole v. State,* 118 Ga. App. 228 (163 SE2d 250)), in support of whose verdict of guilty we, on appeal, must construe every inference. *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683)). There was ample evidence from which to infer Golson's knowledge that the package contained contraband.

Appellant's cases, *Kelly v. State,* 91 Ga. App. 421 (85 SE2d 794) and *Gibbs v. State,* 91 Ga. App. 519 (86 SE2d 369), cited for the proposition that Golson's "possession" here was not adequately shown, are inapposite. Though "mere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession" (Arellanes v. United States, 302 F2d 603, 606 (9th Cir.), quoted in Murray v. State, 403 F2d 694, 696), in the present appeal as discussed above, we have substantially more. The evidence authorized the verdict and there was no error in overruling the new trial motion on the general grounds. Cf. *Cole v. State,* supra.

2. Golson's second enumeration complains of the trial judge's refusal to give certain requested charges to the jury. There was no error in refusing to give defendant's requests to charge Nos. 1 and 2 because the same were not adjusted to the applicable punishment statutes which are Code Ann. §§ 79A-9911 and 26-3101.

There was no error in refusing to charge defendant's request 4 which dealt with circumstantial evidence in the language of *Davis v. State,* 74 Ga. 869, because an adequate though differently phrased charge on circumstantial evidence was given. *Young v. State,* 226 Ga. 553, 556 (176 SE2d 52).

Contending that the trial court erred in refusing his request No. 12, that where two theories are presented, one of guilt and the other of innocence, the jury must find the accused innocent, Golson cites *Davis v. State,* 13 Ga. App. 142 (78 SE 866). However, *Davis* does not support him, because in *Davis* the theory of innocence was "just as reasonable" (p. 144), as the theory of guilt. Thus, this court did not hold in *Davis,* as Golson impliedly argues, that the mere appearance in the case of any theory of innocence, however ephemeral, is adequate to constitute a

reasonable doubt. The requirement that the theory of innocence has some weight and substance also appears from *Patrick v. State,* 75 Ga. App. 687 (44 SE2d 297), where defendant's theory was "supported by unimpeached and undisputed testimony," and *Wood v. City of Atlanta,* 93 Ga. App. 578, 580 (92 SE2d 263), "Where the evidence is equally consonant with either guilt or innocence . . ." In any event, it is sufficient to decide this point against Golson merely to note that there is no theory of innocence in this case. As Division 1 of this opinion shows, Golson's unsworn statement itself contained admissions of all the elements of the offense charged.

The trial judge did not err in refusing defendant's request No. 14 on the definition of crime, because a charge on this principle was given in the language of Code Ann. § 26-601.

3. Enumerations 3 and 4 are without merit.

4. Enumeration 5 complains of the overruling of Golson's amended motion for new trial founded upon newly discovered evidence. The evidence was an affidavit of Marvin Smith (at the time of making the affidavit, Golson's cellmate), who had been Castellow's cellmate in the Monroe County jail following Castellow's arrest with Golson. Smith swears that Castellow told him the drugs were his own and he had started passing them around in the car "to get them off of his personal possession," and that Golson had not known there were any drugs in the car. This is not newly discovered evidence of a type requiring a new trial because it was the same evidence offered by Golson in his unsworn statement and goes to the same point of the ownership of the drugs and Golson's knowledge. As written above, for conviction it is unnecessary to prove that Golson owned the narcotic; and Golson himself stated his guilty suspicion constituting knowledge of the illegal nature of the package. There was no error in refusing a new trial on this ground. *Johnson v. State,* 196 Ga. 806 (27 SE2d 749); *Blount v. King,* 51 Ga. App. 4 (179 SE 198).

No ground appearing which would warrant the grant of a new trial, there was no error in overruling the new trial motion.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs in the judgment.*

Argued October 4, 1973 — Decided January 10, 1974.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant. *Edward E. McGarity, District Attorney,* for appellee.