# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1909.

---

### 2065.   MIDDLETON *v.* THE STATE.

1. In a criminal case, where the guilt of the defendant depends wholly upon circumstantial evidence, it is error not to instruct the jury that if the proved facts are consistent with the theory of his innocence, he should be acquitted.   Where the proof of the defendant's guilt depends upon the credibility of direct evidence, instructions upon the subject of circumstantial evidence should be avoided.   Where there is direct evidence of a defendant's guilt, as well as circumstantial evidence pointing to the same conclusion, it is not reversible error to omit to charge upon the weight of circumstantial evidence, unless instructions thereon be invoked by a timely, appropriate written request; though the better practice would be (in view of the fact that the jury might discredit the direct testimony) to give in charge to them the rule embodied in section 984 of the Penal Code.

2. The failure to give in charge to the jury sections 986 and 987 of the Penal Code, in the absence of a request therefor, is not necessarily erroneous, especially where the jury are told that if they have reasonable doubt of the defendant's guilt it would be their duty to acquit him.   It is very seldom that an amplified definition of the term "reasonable doubt" elucidates the meaning of these simple words.

3. There being evidence tending to show attempted flight, there was no error in the instruction upon that subject; and though the jury should have been told that flight should not be considered, unless it was induced by conscious guilt, the omission to give this instruction is harmless in this case, in view of the strong proof of the defendant's guilt.

4. A request to certify a question to the Supreme Court will not be granted by this court, even where the question involved is as to the constitutionality of a law, unless the decision of that question is essential to the determination of the case; and in no case will a question be certified where the point involved has been frequently settled by previous adjudications of the Supreme Court, and in order to obtain a repetition of the former decision.   In the present case the question should

not be certified, because a review of the rulings of the Supreme Court upon the subject of alibi is sought, and yet no evidence was introduced to sustain an alibi.

Indictment for assault and battery; from Decatur superior court —Judge Park. July 24, 1909.

Submitted October 5,—Decided November 9, 1909.

*W. I. Geer,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

RUSSELL, J. 1. The defendant in the lower court was tried and convicted of assault and battery. A young lady in the town of Donalsonville, who has since married, was followed about two hundred yards one night, in December, 1906, by a man who grabbed her in his arms and hugged her. It was about a quarter past eight o'clock. She was returning to her home from the telephone office, where she worked. When she screamed some ladies who had been shopping came down the street, and the man ran off. He was arrested later in the night, when he was apparently about to board a train. The prosecutrix testified, that while she had never known the defendant until that night, she saw him distinctly standing on the street as she passed, saw him distinctly more than once as he followed her, and also at the time of the assault; and on her oath she positively identified the defendant as the same man. Though there was some effort by cross-examination to show that the prosecutrix might have been in doubt shortly after the assault, as to who her assailant was, her testimony is not only direct and positive upon the point that the defendant, whom she has seen several times since, was her assailant, but no reason appears why it is in any sense unreasonable. She testified that she saw the defendant plainly each time she looked towards him, and that he was the same man who assaulted her. The fact that she did not then know his name does not make the identification dependent upon circumstantial evidence. Some of the evidence introduced, tending to corroborate the prosecutrix's testimony, was circumstantial in its nature, but, in view of the positive identification of the defendant by the prosecutrix, the verdict of guilty would have been authorized if no other evidence had been introduced. For this reason we do not think that the court erred, as insisted by the counsel for plaintiff in error, in failing to instruct the jury upon the subject of circumstantial evidence. *Bivins* v. *State,* 5 *Ga. App.* 434 (63 S. E. 523). As held in *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031), in any

criminal case in which the guilt of the defendant is dependent wholly upon circumstantial evidence, the jury should be instructed that if the proved facts are consistent with innocence, the defendant is entitled to acquittal; this for the reason that "circumstantial evidence is worth nothing in a criminal case if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." And it is for this reason that the court said in the *Riley* case that "the jury should have been given the lamp provided by section 984 of the Penal Code, to guide their feet in journeying through the testimony in search of a legal verdict." But where all of the evidence is direct and positive, the principle involved in section 984 of the Penal Code has no application. It is not then a question of a comparison of the reasonableness of hypotheses, but the question is rather whether the direct testimony is credible. In a case where the guilt of a defendant depends wholly upon circumstantial evidence, it is error not to instruct the jury that the defendant should be acquitted unless the hypothesis of his guilt is more reasonable than any other hypothesis which can be drawn from the circumstances; but where there is direct evidence of a defendant's guilt, as well as circumstantial evidence pointing to the same conclusion, if the defendant thinks that the jury will discredit the direct evidence establishing his guilt, and that the finding will turn upon a view taken of the circumstantial evidence, a charge upon the subject should be invoked by proper timely request.

2. The plaintiff in error excepts to the failure of the court to give in charge to the jury sections 986 and 987 of the Penal Code, and insists that it is the duty of the court, in all criminal cases, to charge these sections. We do not concur in this opinion. The jury were substantially instructed as to so much of these sections as is essential, when they were told by the judge that if they had a reasonable doubt of the defendant's guilt, it would be their duty to acquit him. It is very seldom that an amplified definition of "reasonable doubt" elucidates the meaning of these simple words. In the absence of a request that fuller instructions be given the jury upon the subject, it is sufficient if they be told that they must be satisfied of the guilt of the defendant beyond a reasonable doubt; for the words "reasonable doubt" are so plain in their meaning that he who runs may read, and he who reads may understand.

3. There ·is no merit in the exception to that portion of the charge in which the court told the jury, "if there be any evidence submitted to you of the flight of the defendant, it is for the jury to decide what weight that will have, and what bearing that will have on your minds as to the guilt or innocence of the defendant." The prosecutrix testified that the defendant fled, and it otherwise appears that when arrested he was about to board a train leaving Donalsonville. It is true that flight is a mere circumstance, and, as such, it may frequently be of little or no value. It certainly should be thus considered unless attendant circumstances convince the mind that it was induced by consciousness of guilt. And it is better to inform the jury to that effect. But in a case where the guilt of the defendant is manifest (if the testimony is to be believed), and it is not even contradicted by a statement on the part of the defendant, failure to state more accurately the rule to be employed in the consideration of such a circumstance will not work a new trial.

4. The judge charged upon the subject of alibi as follows: "If evidence has been submitted to you on a question of alibi, I give you this law in charge for your consideration. 'Alibi as a defense involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of his presence.' The burden is on the accused to verify the alleged alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury." Counsel for the plaintiff in error insists that the latter sentence is error, because the burden of proving alibi is never on the defendant, but the burden of proving his presence beyond a reasonable doubt rests upon the State; and further, that the instruction that the defendant must sustain his plea to the reasonable satisfaction of the jury conveys the idea that he must establish the plea beyond a reasonable doubt; and it is therefore prejudicial. It is plain that the latter complaint is not well founded. Jurors are presumed to be men of ordinary understanding; and, if so, they will understand that a fact proved to their reasonable satisfaction is not as well established as one proved beyond any reasonable doubt. As this court has had occasion heretofore to remark, the rulings of the Supreme Court upon the subject of alibi appear to be somewhat confused, but a

request to certify a question to the Supreme Court is never granted, even when the question involved is that of the constitutionality of a law, unless a decision of that question is essential to the determination of the case. No constitutional question is presented by the exception in this case; and the same constitutional amendment which provides for the certification of questions of constitutional construction to the Supreme Court provides also that "the decisions of the Supreme Court shall bind the Court of Appeals as precedents." Acts 1906, p. 24. Consequently, it is unnecessary in any case to certify to the Supreme Court a question whose decision has been foreclosed by that tribunal in repeated rulings. In this case there was no attempt to introduce evidence of an alibi; and the contention that the defendant was at some other place at the time of the commission of the crime is raised only by the general denial contained in his plea of not guilty, and in the brief of counsel.

*Judgment affirmed.*