### 5011. DAVIS v. THE STATE.

1. Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with inno-cence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence.

2. Guilt of a criminal offense must be proved beyond a reasonable doubt, and a conviction must not rest upon mere conjecture or bare suspicion.

DECIDED JULY 22, 1913.

Indictment for sale of liquor; from Laurens superior court— Judge Frank Park presiding. May 21, 1913.

*Howard & Kea,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

HILL, C. J. Plaintiff in error was convicted of selling intoxicating liquor, and, his motion for a new trial having been overruled, he brings error. Only one witness was introduced by the State. He testified as follows: "I know Charleston Davis. I bought a pint of whisky from him about the first of December, 1912. In the transaction I paid him seventy-five cents for it. I gave him the money and he gave it to a woman; she gave him a pint of whisky and he gave the whisky to me. I saw Charleston when he gave the woman the money, and saw her when she gave him the whisky, and then he gave the whisky to me." The defendant's statement to the jury was as follows: "I did not sell the whisky. Dorsey gave me the money, and I laid the money down and the woman picked it up and put a pint of whisky down, and I gave it to Dorsey. I did not sell the whisky."

Does the evidence exclude every reasonable hypothesis save that of the guilt of the accused? Under this evidence it is just as reasonable to infer that the accused was agent of the purchaser as that he was agent of the seller; and it is well settled that where two theories are presented by the facts in evidence,—one of guilt and one of innocence,—the jury should accept the one which is consistent with innocence, rather than that of guilt. The solicitor-general insists that the facts of this case bring it clearly within the rule frequently announced by the Supreme Court and by this court, that where one is charged with the sale of intoxicating liquor, proof that he received money from another person, with a request to procure whisky for the latter, and thereupon went away and shortly returned and delivered a bottle of whisky to the purchaser, casts on the accused the onus of showing how, where, and from whom he got the whisky. *Mills* v. *State,* 11 *Ga. App.* 383 (75 S. E. 266) ; *Gaskins* v. *State,* 127 *Ga.* 51 (55 S. E. 1045). In the case of *Bray* v. *Commerce,* 5 *Ga. App.* 605 (63 S. E. 596), this court held that the burden which would be cast upon the accused by these facts would be successfully carried by him if, in corroboration of his own statement, he proved by an unimpeached witness that he had in fact bought the whisky from another person and

paid him for it. Here the State proved by its only witness (and there is no evidence to the contrary) that the witness handed to the accused seventy-five cents for the whisky, and that the accused handed the seventy-five cents to a woman, who then handed a pint of whisky to the accused, and he immediately delivered it to the witness. The accused did not keep any of the money, and apparently he acted as the medium through which the money for the whisky passed from the purchaser to the seller and the whisky from the seller to the purchaser. It is just as reasonable to conclude from these facts that the woman sold this liquor as that the accused sold it. The situation thus presented leaves entirely too much for conjecture.

If the evidence had shown the existence of some relationship between the woman and the accused,—that of husband and wife or any relationship at all,—or that the man lived in the house where the whisky was kept, then unquestionably the jury would have been authorized to infer that the accused was either the seller or was interested in the sale in some way; and on a second trial these facts possibly can be shown. Certainly something more should be shown, indicating that the accused was the seller or interested in the sale, before the jury would be authorized to infer the existence of a mere subterfuge or pretext on his part to violate the law. It is difficult for courts to detect all the ingenious devices and tricks employed by those who violate the liquor laws, but in the trying of these cases well-established rules of evidence must control, and this court does not feel justified in permitting a verdict to stand which rests solely upon a bare suspicion of guilt, and which presents a theory as consistent with innocence as with guilt. For this reason we are constrained to hold that the verdict was without any evidence to support it, and therefore was contrary to law.

*Judgment reversed.*