### 5013. JACKSON *v.* THE STATE.

POTTLE, J. 1. This case falls within the well-settled rule, that where one receives money and in consideration therefor delivers intoxicating liquor, he is presumed to be the seller, and his conviction is authorized, unless he shows to the satisfaction of the jury that he was not the seller nor interested in the sale. To meet the prima facie case made by the State in the present case, the accused relied solely upon his own statement,

which the jury had a right to disbelieve. The case differs from that of *Davis* v. *State*, this day decided, ante, 142 (78 S. E. 866). In that case the evidence relied on by the State showed that the accused neither furnished the whisky nor received any part of the money paid therefor.

2. The theory of defense upon which the court failed to charge having arisen solely from the prisoner's statement at the trial, and no written request to charge upon such theory having been presented, the omission to charge is not reversible error. *Cobb* v. *State*, 11 *Ga. App.* 52 (74 S. E. 702).                  *Judgment affirmed.*

DECIDED JULY 22, 1913.

Indictment for sale of liquor; from Laurens superior court—Judge Frank Park presiding. May 21, 1913.

*Howard & Kea,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.