## 5796. COLEMAN *v.* THE STATE.

1. Where one indicted for assault with intent to murder is convicted only of unlawfully shooting at another, he can not complain of an omission to charge the jury that he could not be convicted of assault with intent to murder unless a specific intent to kill be proved. The verdict is an acquittal of that offense.

2. At the trial the accused made a statement to the court and jury, but did not refer to or deny the shooting for which he was being tried; and the prosecuting attorney, in his argument to the jury, referred to the fact that the defendant did not deny that he fired the shots, which were heard by several of the witnesses. Although a prosecuting attorney, in his argument to the jury, can not properly refer to the defendant's omission to make a statement at the trial or to introduce evidence, he may, when the defendant has made such a statement, comment upon the omission to refer therein to facts of significance resting peculiarly within the defendant's knowledge, just as he may discuss the probative value of the assertions actually made in the statement.

3. The testimony tending to show the defendant's guilt was wholly circumstantial, and is not sufficient to exclude every other reasonable hypothesis than that of guilt; and for that reason only the court erred in refusing a new trial.

DECIDED OCTOBER 20, 1914.

Indictment for assault with intent to murder; from Morgan superior court—Judge Park. May 9, 1914.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

RUSSELL, C. J. 1, 2. The rulings in the first and second head-notes are self-explanatory.

3. This court did not come readily to a conclusion as to the ruling in the third headnote, and we are impressed that perhaps the record does not fully disclose all of the testimony adduced upon the trial. However, we must be controlled by the record; and in the consideration, on review, of testimony wholly circumstantial, the rule that such testimony will not authorize a verdict of guilty unless sufficient to exclude every other reasonable supposition than that the accused was the perpetrator of the offense must not be relaxed. Measuring the testimony in the present record by that rule, ordained to protect the innocent against charges based upon the mere appearance of evil and to guard against convictions resulting merely from grave suspicion, we can not hold that it is sufficient to exclude every other reasonable supposition than that the accused shot at the prosecuting witness Sonny Maddox. If we concede that there is sufficient evidence to authorize the conclusion that he fired the shots, this would not be sufficient to authorize the conviction of the offense of shooting at another; for the burden is upon the State to establish to the exclusion of any other reasonable supposition the fact that he shot at the person named in the indictment, with the intent of hitting that person.

It appears that the accused and Maddox had a difficulty early in the morning, at which each made threats against the other, the defendant saying that he was going to get his gun and shoot Maddox. Mr. Newton, the employer of the two men, sent Maddox to the field to plow, and sent the defendant to the house occupied by the defendant. After the lapse of some minutes Mr. Newton went to the defendant's house and the defendant was not there; about ten minutes later Mr. Newton heard two shots; about an hour after this the accused returned to his house and Mr. Newton had a conversation with him. To quote from the testimony of Mr. Newton: "I talked to him about what he had done. And his time was out with me, and he wanted to settle up and know what would be done

about it. I do not remember the conversation word for word. I told him I would try to keep this negro from prosecuting him about it; he could go away and stay away, or he could come and work for my father and not come back there and raise no more racket. . . I do not remember his denying the shooting, and he did not admit it in so many words." We would have been relieved of much difficulty in the consideration of the testimony if this witness had related in substance what he said to the accused, and the substance of the replies. It is plain that a portion of his testimony is merely his conclusion as to the meaning and effect of what the defendant said, and we can not tell whether he drew the proper conclusion.

The person alleged to have been assaulted testified that he heard two shots and saw the smoke from the last shot. He did not see who fired either shot, and in his testimony there is nothing to indicate that these shots were fired at or even towards him. No bullets passed near his person, nor did any strike the ground in his vicinity. The supposition that the pistol was loaded with bullets must, therefore, depend entirely upon the threat made by the defendant. The wife of this witness saw a man running from the spot from which the shots were fired, but was unable to identify him. She testified on direct examination that the man running away looked liked the defendant, and yet on cross-examination she would not swear that the man she saw was the defendant, although she saw his head and was well acquainted with him. We have a case, then, where, from the proof of the threat and the opinionative conclusion of one of the witnesses that the accused practically admitted the shooting, a grave suspicion of guilt is raised. It appears almost certain that the accused, during the time that Mr. Newton missed him from the house, went to the edge of the field and fired the two shots, which were heard by several witnesses; but the burden rested upon the State, not only to satisfy the jury to a reasonable certainty that the defendant fired a pistol, but to exclude by proof the supposition that any one else fired it. And the burden rested upon the State to show not only that the accused fired the pistol, but that it was loaded with something more than blank cartridges, and that the pistol was aimed and discharged at the person named in the indictment, with the intent to do him bodily harm, and that the accused was within such proximity to the per-

son assaulted as that missiles discharged from the pistol would probably have that effect. This burden was not carried, and therefore the inference of the defendant's guilt rests upon mere speculation. The law considers human liberty too precious to be forfeited merely because one is enmeshed in a web of suspicion.

If the defendant be guilty, another trial will perhaps develop exactly what transpired in the conversation between him and Mr. Newton; so that as to the probative value of any incriminatory admission made by the accused the jury can form an independent conclusion after hearing more fully and specifically what actually transpired; and evidence can perhaps be given as to whether the place from which the shots were fired was within such a distance from the person of the party alleged to have been assaulted as to bring the latter within range of a pistol, if a pistol was fired. This does not appear from the present record. If such had been the case the wife of the prosecutor could have recognized the man she saw running away if he was the defendant. Without referring more particularly to other circumstances in the proof, we may say that a second investigation may tend to determine the direction in which the shots were fired, so as to indicate whether the shooting was with intent to strike or hit the person alleged to have been assaulted. As we view the present record, the evidence as to several material points was too inconclusive to authorize a verdict of guilty, and for this reason, in our opinion, the learned judge erred in refusing a new trial. *Judgment reversed. Roan, J., absent.*