### 28414.   WILLIS v. THE STATE.

BROYLES, C. J.   1. "It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to

the jury, there is *anything deducible* which would *tend* to show that he was guilty of manslaughter, . . or which would be sufficient to raise a *doubt* as to whether the homicide was murder or manslaughter. *Reeves* v. *State*, 22 *Ga. App.* 629 (97 S. E. 115). It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State*, 10 *Ga. App.* 50, 54 (72 S. E. 537)." *May* v. *State*, 24 *Ga. App.* 379, 382 (100 S. E. 797); *Salter* v. *State*, 39 *Ga. App.* 13 (145 S. E. 918).

2. Applying the foregoing rulings to the facts of the instant case, it does not appear that the court erred in instructing the jury on the law of voluntary manslaughter; or that the verdict of voluntary manslaughter was not authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED SEPTEMBER 20, 1940.

*George B. Culpepper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

