34141. HARRIS *v.* THE STATE.

Decided July 14, 1952—Rehearing denied July 28, 1952.

608

*Orrin Roberts,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ As was pointed out in *Corbin* v. *State,* 84 *Ga. App.* 763 (1) (67 S. E. 2d, 478), and citations, a conviction for the possession of illegal liquor resting entirely upon circumstantial evidence will not be upheld where it appears that the liquor, even though upon the premises of the defendant, is so located that others than the defendant might equally have had access thereto without the defendant's knowledge, as such evidence does not exclude every reasonable hypothesis save that of the guilt of the accused. In this case, although the liquor was not located within the fenced-in part of the premises where the defendant lived, it was very close thereto and in a part of the pasture where it appeared that the defendant customarily worked, and to which others did not have such access. To get to the hay a person would have had to pass the defendant's house and unlatch the gate and step into the pasture to the point where the defendant had helped to pile the hay, only two days previously, which he had been using since then to feed the cows.

The previous occasion on which liquor was found just outside the defendant's yard, but next to the road and between his house and another, would not be sufficient upon which to base a conviction, but the cache found in the hay, together with the proof that the defendant had recently had liquor in fruit jars and tumblers in his house, and his conduct upon the first approach of the officer, were sufficient to authorize a jury to find that the defendant had in his possession and control a quantity of non-tax-paid liquor, and was guilty of the offense charged.

■ Error is assigned on the ruling allowing the sheriff to testify that he raided the defendant's premises as a result of a report

received by him, but not requiring him to name at the same time the identity of the informant. This ruling was not improper. See *Thomas* v. *State,* 85 *Ga. App.* 868 (70 S. E. 2d, 131).

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*