## 36084.  SCROGGS *v.* THE STATE.

DECIDED MAY 23, 1956.

*Marvin O'Neal, Jr., Swift Tyler, John Tyler,* for plaintiff in error.

*Eugene Cook, Attorney-General, Luther C. Hames, Jr., Solicitor-General,* contra.

TOWNSEND, J.  Although a jury is not required to give any weight whatever to the defendant's statement, so much of the statement of this defendant is corroborated by undisputed evi-

dence independent thereof as to require the reasonable and logical conclusion that sexual relations in violation of the marital rights of the defendant were planned between the defendant's husband and the victim.

If a wife kills another woman to prevent sexual relations between such other woman and her husband, the killing is justified under Code § 26-1016 (*Richardson* v. *State,* 70 *Ga.* 725), provided the killing was apparently necessary to prevent the commission of such sexual act. *Daniels* v. *State,* 162 *Ga.* 366, 369 (4a) (133 S. E. 866). Also, in order to justify such a killing it is not necessary that the act be in progress, or that it is to be committed then and there. It is enough if it be apparent that the killing is necessary to prevent a planned act of sexual intercourse. *Miller* v. *State,* 9 *Ga. App.* 599 (71 S. E. 1021). On the other hand, if the killing, although apparently necessary to prevent adultery, was actually done by the defendant under a violent and sudden impulse of passion engendered by the circumstances and not to prevent the adultery, the offense is that of manslaughter. *Mays* v. *State,* 88 *Ga.* 399 (14 S. E. 560); *Patterson* v. *State,* 134 *Ga.* 264 (67 S. E. 816).

While the plan of the defendant's husband and the victim is obvious, the reason for the killing itself, being one of intent known only to the defendant, is more elusive. That she knew of the plan on the part of her husband and the victim is reasonably certain, but whether she killed to prevent its consummation or as a result of a violent and sudden impulse of passion engendered by reason of it does not appear. The evidence with at least equal force authorizes the conclusion that the killing was because of the apparent necessity to do so to prevent adultery with her husband, and therefore justified, and authorizes the conclusion that she acted as a result of sudden heat of passion, and therefore not justified.

Accordingly, two theories are presented. One of these theories is consistent with guilt. The other is consistent with innocence. "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." *Davis* v. *State,* 13 *Ga. App.* 142 (1) (78 S. E. 866); *Rutland* v. *State,* 46 *Ga. App.* 417, 422 (167 S. E. 705).

The trial court erred in denying the motion for a new trial. *Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*