## 36876. OGDEN *v.* THE STATE.

DECIDED OCTOBER 16, 1957.

*Joe Thomas,* for plaintiff in error.

*W. Glenn Thomas, Solicitor-General,* contra.

TOWNSEND, J. The sole special ground of the motion for new trial assigns error on the failure of the court to charge without request that principle of law applicable to criminal cases that "where the facts in evidence and all reasonable reductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." Assuming without deciding that it might in some instances be error to fail to give this principle of law in charge to the jury either with or without timely written request no such error appears here for the reason that the evidence in this case fails to present a theory consistent with innocence. The sworn testimony and all reasonable deductions that might be drawn therefrom fails to authorize a finding that the shooting was done by the defendant in order to prevent the victim from committing adultery with his wife as was the case in *Scroggs* v. *State,* 94 *Ga. App.* 28 (93 S. E. 2d 583) relied upon by counsel for the defendant. In that case the victim and the husband of the defendant who had obviously been engaged in illicit sexual

activities for a considerable period of time were seated in an automobile and in position to leave the defendant standing on the ground beside the car, and drive away to engage in another such night of debauchery. Here the victim and the wife of the defendant were sitting in the booth of a bar at 10:30 a.m. surrounded by other customers and employees of the establishment. From the defendant's statement, it appears the shooting might have been in self-defense and might have been accidental, but a theory presented only by the defendant's statement does not require, in the absence of request, a charge based thereon by the trial court to the jury. See *Collins* v. *State,* 121 *Ga.* 173 (1) (48 S. E. 903). Ordinarily where the principle of law complained of as having been omitted from the charge is applicable, the question of lack of evidence to support the verdict arises and is presented by the general grounds of a motion for new trial as in the *Scroggs* case, supra, for if the evidence and all reasonable deductions therefrom presents two theories, one consistent with guilt and the other equally consistent with innocence, the State has not carried the burden of proof. Here the evidence amply authorizes the verdict, the jury being authorized to find that the defendant shot the victim under a sudden heat of passion upon finding them together, and previous conduct having been such as to arouse his suspicions that the motive of the victim toward his wife was to have sexual relations with her.

Neither the special ground nor the general grounds of the motion for new trial are meritorious. Accordingly the judgment of the trial court denying the motion is without error.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*