39429.   ODOM v. THE STATE.

DECIDED MAY 16, 1962.

*Aaron Kravitch, Thomas M. Odom, Sharpe & Sharpe, George Fryhofer,* for plaintiff in error.

*Cohen Anderson,* Solicitor General, *Howard & Hunter, Harry Hunter,* contra.

FRANKUM, Judge. "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied." *Code* § 26-1007.

As stated by the Supreme Court in *Mathis v. State,* 196 Ga. 288, 291 (26 SE2d 606): "The essential ingredient, mutual intent, in order to constitute mutual combat, must be a willingness, a readiness, and an intention upon the part of both parties to fight. Reluctance, or fighting to repel an unprovoked attack, is self-defense and is authorized by the law, and should not be confused with mutual combat." See also *Johnson v. State,* 173 Ga. 734 (161 SE 590). Cf. *Chestnut v. State,* 112 Ga. 366 (37 SE 384). It follows that when one is reacting to repel an attack by an aggressor and his actions are prompted solely to protect his life, he is not acting under the "excitement of passion," because such acts are self-defense which are justified in the eyes of the law. *Code* §§ 26-1011—26-1014.

The evidence in the case sub judice does not show voluntary manslaughter. There is no evidence that there was any altercation or bad feeling between the deceased and the defendant prior to the events which transpired on the date of the killing. There is not one scintilla of evidence as an excuse for the killing that the defendant in any way provoked the deceased into making an attack. There is no evidence that the defendant had any intent toward mutual combat, or that the defendant showed a willingness to fight. See *Mathis v. State,* 196 Ga. 288, supra.

All the actions of the defendant as reflected by the evidence were actions consistent with self-defense. *Rutland v. State,* 46 Ga. App. 417, supra. But even if we assume that the evidence authorized an inference that the defendant acted in a sudden "heat of passion" from an unprovoked attack by the deceased, the evidence would only present two inconsistent theories. *Scroggs v. State,* 94 Ga. App. 28 (93 SE2d 583), ruled upon such a situation in which the court stated: "Accordingly, two theories are presented. One of these theories is consistent with guilt. The other is consistent with innocence. 'Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence.' *Davis v. State,* 13 Ga. App. 142 (1) (78 SE 866); *Rutland v. State,* 46 Ga. App. 417, 422 (167 SE 705)."

Furthermore, the conviction of the defendant depended entirely upon statements made by him and the statement of the eyewitness made in the presence of the defendant and proof of testimony given by him in the court of inquiry. While the defendant admitted the killing, in the same breath, he said that he *"had had"* to kill the deceased. In other words, his words imported that there was a necessity for his actions. As stated in *Owens v. State,* 120 Ga. 296, 299 (48 SE 21): "It would be manifestly unfair to hold a person criminally bound by a statement which admits the commission of an act and in the same breath legally justifies or excuses the same." And where the State relies upon such a statement of the accused to show intent, or any other essential element of a crime, and no other evidence is produced to show these elements, the evidence does not authorize a verdict of guilty. *Wall v. State,* 5 Ga. App. 305 (63 SE 27). There is nothing in the evidence in conflict with the defendant's statements. In fact, the eyewitness' account of the transaction fortifies the defendant's contention that, in killing the deceased, he was acting in self-defense.

The evidence does not support the verdict.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*