## 46068. PARRISH v. THE STATE.

DEEN, Judge. The defendant and another escaped from the Clarke County Public Works Camp by overpowering two guards inside the building, locking them in, and taking a gun from one of them. Within five minutes a witness inside the building heard the fence around the camp rattle, looked out the window, saw the door of his automobile open and close and then saw two men get into a truck parked next to it and drive away. The truck belonged to a guard who had left the keys in the dash pocket. As the witness watched, the truck was driven to the top of a hill and there stopped. It was returned the next day. The men escaped, but the defendant was later apprehended in North Carolina, returned to Georgia, tried and convicted of larceny of a motor vehicle.

In larceny cases the slightest change of location, whereby complete dominion of the property is transferred from the owner to the trespasser, is sufficient evidence of asportation. *Johnson v. State*, 9 Ga. App. 409 (71 SE 507). Thus the theft of the vehicle was proved by uncontradicted evidence. The defendant admitted that he and his companion escaped at the time and place in question and offered no evidence which would have suggested that he did so by any other method than use of the truck. "It is not necessary, even in criminal cases, to exclude every conjecture coming within the bounds of remote possibility, but only to exclude reasonable hypotheses and reasonable inferences." *Harris v. State*, 86 Ga. App. 607 (1) (71 SE2d 861). The evidence, although circumstantial, was sufficient in the absence of anything to the contrary to sustain the conviction.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

SUBMITTED MARCH 1, 1971—DECIDED APRIL 7, 1971.

*Robert D. Peckham, H. Gilman Hudnall, Jr.,* for appellant.

*Thomas W. Ridgway, District Attorney, John T. Strauss,* for appellee.