46304. NOLEN v. THE STATE.

Evans, Judge. The defendant was indicted and tried for the offense of murder. The jury returned a verdict of guilty of manslaughter, with a sentence of five years. The appeal is from the judgment of conviction and sentence. *Held:*

The sole basis of this review is that the court erred in overruling the defendant's motions for directed verdict of acquittal when the State rested its case, and again at the close of all the evidence. Counsel for the appellant bases his argument upon the decisions of *Gilbert v. State,* 94 Ga. App. 217 (94 SE2d 109) and *Jones v. State,* 212 Ga. 195 (91 SE2d 514) (the latter a 4-to-3 decision). The *Jones* case was reversed because the evidence relied upon by the State to establish the fact of the homicide disclosed circumstances of mitigation or justification, and the evidence did not raise a presumption of malice, although the dissenting justices were of the opinion that .the jury was authorized to infer malice upon proof of the killing by a deadly weapon. Since the jury returned a verdict of manslaughter in the case sub judice, the jury could have inferred from the evidence that the defendant acted solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. See *Code Ann.* § 26-1102 (Ga. L. 1968, pp. 1249, 1276). While the evidence here was sufficient to authorize the jury to return a verdict of justifiable homicide, as the defendant contends, yet the evidence was also sufficient to authorize the verdict of guilty of manslaughter, and the lower court did not err in denying the motions for directed verdict.

A motion for rehearing was filed at the very end of the April term and we vacated the judgment of affirmance and withdrew the above opinion. We now adhere to it. Defendant's motion very strongly insists that the verdict of guilty should be reversed because two theories were presented, one of which was innocence, and that "the justice and humanity of the law compels the acceptance of the theory which is consistent with innocence" and cites in support *Davis v. State,* 13 Ga. App. 142 (78 SE 866); *Rutland v. State,* 46 Ga. App. 417, 422 (167 SE 705);

*Scroggs v. State,* 94 Ga. App. 28 (93 SE2d 583); *Odom v. State,* 106 Ga. App. 60 (126 SE2d 472); and *Pennamon v. State,* 110 Ga. App. 475 (138 SE2d 890). In cases where the guilt of a defendant is dependent solely on circumstantial evidence it has been held error to fail to charge that if the proved facts are consistent with the theory of innocence, the defendant should be acquitted. *Middleton v. State,* 7 Ga. App. 1 (1) (66 SE 22); *Riley v. State,* 1 Ga. App. 651 (1) (57 SE 1031). But in the case sub judice the State did not depend solely on circumstantial evidence for a conviction; there was other evidence sufficient to warrant a verdict of guilty. When the facts in evidence and all reasonable deductions therefrom present two theories, one of which leads to a verdict of not guilty, and the other to a verdict of guilty, then the authorities cited by defendant in his motion for rehearing come into play and weigh in favor of acquittal. But where the evidence of guilt is more reasonable than that of not guilty, then these cited authorities are inapplicable. In *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504) it is held: "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses." Also see *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714); *Harris v. State,* 86 Ga. App. 607 (1) (71 SE2d 861).

We think that under the evidence here only the jury could weigh the evidence and arrive at a just verdict. This court cannot say as a matter of law that the evidence was exactly the same as to the theories advanced. See in this connection the cases of *Golden v. State,* 25 Ga. 527; *Gay v. State,* 173 Ga. 793 (161 SE 603); *Smithey v. State,* 219 Ga. 247 (132 SE2d 666), which are somewhat similar cases. There was evidence sufficient to show that defendant, who had been having marital difficulties, shot his wife at night after a quarrel while the two were alone at home, while she was intoxicated and after she had sent a minor daughter away from home, and whose whereabouts was unknown to the father, causing him to send a son out to look for the daughter. The defendant's statement (unsworn) as to the details of the shooting is not very favorable toward support-

ing his contention of self-defense. He told the jury that he and his wife were in the same room, that she had a rifle in her hands and she threatened to shoot him and kill him. The rifle was fired twice, but neither shot struck him, despite his statement that he thought he was shot. (It is a little difficult to imagine how she could have missed him had she been trying to hit him at that range.) Then, without looking to ascertain whether she was trying to shoot him by pointing the rifle towards him, nor indeed whether she even held the rifle in her hands, he whirled and shot as he was turning towards her. Then he said he did not remember anything further at that point, but there was circumstantial evidence from which the jury could have determined that he fired four times in all; that the bullets from two of his shots were found in her head and a third bullet was imbedded in a wall, having residue thereon resembling "human body fluid"; while a fourth bullet was also embedded in a wall. The jury thus could have determined that one of his four shots missed and the other three struck her. An expert testified that either of the two bullets which struck her in the head would have produced death. His only explanation of the last three shots was that he did not remember. It well may have been that she did not even have the rifle in her hands, or if so, that it was pointed downward or upward and away from him. It well may have been that his first shot, as he was turning, went wild, and after facing her, that he placed three shots in her without any effort on her part to retaliate. So, defendant can gain very little solace from his own statement as to the manner in which the homicide was perpetrated. There was expert testimony that at least two of the wounds could have caused her death.

There was other testimony that six shots were heard—the first two not as loud as the last four. There were no fingerprints found on the rifle, to indicate she ever held it in her hands in firing position, although there was some evidence of a smudged print. The location of the bullet wounds in her body, the location of the projectiles from the rifle (two) and the .38 caliber pistol (four) as found, as well as the direct and circumstantial evidence surrounding this tragedy are such that an acquittal is

not demanded. We therefore affirm the findings of the jury. See also in this connection, *Mattox v. State,* 9 Ga. App. 292 (70 SE 1120); *Kemp v. State,* 214 Ga. 558 (2) (105 SE2d 582); *Geter v. State,* 219 Ga. 125 (132 SE2d 30).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED JUNE 2, 1971—DECIDED SEPTEMBER 10, 1971—

REHEARING DENIED OCTOBER 14, 1971—

*Jack J. Helms, B. E. Blitch, III,* for appellant.

*Vickers Neugent, District Attorney,* for appellee.

### ON MOTION FOR REHEARING

Defendant continues to urge that where two theories are presented by the evidence, one of innocence and one of guilt, justice and humanity compels acceptance of the theory of innocence. In most criminal cases the theory of innocence and guilt is present. But in the vast majority of all such cases, it is the jury's function to determine which theory it will accept. In the case sub judice, in addition to the State's evidence, the defendant's statement (unsworn) could have raised grave doubts in the jury's mind as to his innocence. He stated that he thought he was shot immediately before firing the fatal shot that took his wife's life. But after it was all over, it was found that he had not been shot. He stated that he fired once as he was turning towards her, and then he had no explanation whatever for three additional shots presumably fired after he had turned toward his wife and was facing her at close proximity. He said he just did not remember. Three of his four shots went into her head and body, and it may be that he was asking the jury to believe that he did not remember firing any of the three shots that went into her head and body and killed her. This may have been the exact truth of the situation, but at the same time, it may not have been the truth, and the jury may have had grave doubts because of this type of statement. The defendant himself was the only eyewitness left in life as to the actual shooting. It is quite likely that the jury looked forward with intense interest to his account of the shooting, so they might determine whether he was justified in shooting and killing his wife. But his failure of memory prevented his giving the jury the

benefit of this important phase of the case. A defendant may elect not to make any statement at all, and such failure shall not be commented on by State's counsel, but if he makes a statement, and fails to refer therein to facts resting peculiarly within his own knowledge, State's counsel may comment on that fact, and of course, the jury has the right to consider same. *Coleman v. State,* 15 Ga. App. 338 (2) (83 SE 154). The jury may have believed that defendant's memory had not failed him, as he contended; that he could not make a satisfactory accounting for the last three shots that he fired; and that he simply pretended he did not remember. The defendant may have been telling the whole truth about the transaction, but the jury was not obliged to believe his statement; they may have credited said statement as self-serving only. A defendant's unsworn statement is not evidence, and "shall have such force only as the jury may think right to give it." *Code Ann.* § 38-415. The jury had the right to accept such statement in whole, or in part, or to reject it in whole, or in part, and in the exercise of their discretion in this respect the jury is unlimited. *Jackson v. State,* 13 Ga. App. 147 (1) (78 SE 867); *Willis v. State,* 63 Ga. App. 262 (1) (10 SE2d 763); *Largin v. State,* 77 Ga. App. 111, 119 (47 SE2d 895); *Cox v. State,* 172 Ga. 482 (3) (158 SE 17).

Thus, the jury in this case, in considering the evidence and the defendant's statement, were not bound to reach the conclusion that there were presented two theories, one of innocence, and one of guilt, whereby they were of such equality that the theory of innocence had to be accepted. This court in reviewing the case is likewise unfettered in its judgment.

*Motion for rehearing denied.*