60415, 60416. BOOKER v. THE STATE (two cases).

QUILLIAN, Presiding Judge.

Defendants — Kenneth and William Booker, appeal their conviction of robbery by intimidation. *Held:*

1. Defendants contend the verdict and judgment of conviction are contrary "to the weight of the evidence." "The role of [an appellate] court is to pass not on the weight but on the sufficiency of the evidence." *Eubanks v. State,* 240 Ga. 544 (1) (242 SE2d 41). Having reviewed the evidence in the light most favorable to the verdict rendered, this court concludes that any rational trier of fact could have found the essential elements of the crime, of which the defendants were found guilty were established beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. It is alleged the statements of the defendants were not

"voluntarily and freely given." The investigating officer testified that he read to each of the defendants their Miranda rights, and each of them signed a waiver form acknowledging they had read their rights and understood them. Both defendants executed handwritten statements admitting they went to Ms. Hamiter's apartment to purchase marijuana and they "[g]rabbed the marijuana, the gun and the money, and left." Another police officer witnessed them execute the waiver. The trial court found the statements were freely and voluntarily given after being warned of their Miranda rights. The defendants admitted they were read their Miranda rights but stated that they did not make the statements above their signatures. One testified that there was nothing on the form above his signature and the officer told him what to write. Both stated that the officer told them it would be easier on them if they confessed.

" 'Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' " *High v. State,* 233 Ga. 153, 154 (210 SE2d 673). The findings of the trial court are not clearly erroneous and are amply supported by the evidence of record. This enumeration is without merit.

3. Permitting leading question of a state's witness by the district attorney over objection by defense counsel does not constitute reversible error in the absence of a showing why the instant case should be treated differently from the general rule (*Smith v. State,* 74 Ga. App. 777 (6) (41 SE2d 541); U. S. Cert. den. 332 U. S. 772) that "[l]eading questions are generally allowed only in cross-examination; but the court may exercise a discretion in granting the right to the party calling the witness ... when, from the conduct of the witness or other reason, justice shall require it." Code Ann. § 38-1706 (Code § 38-1706).

Defendants complain of 34 specific instances of allegedly leading questions being propounded by the State of its witnesses. We have examined the 34 pages cited and find that counsel objected on 3 occasions only. On two of those instances the defendants' objection was sustained. On the third occasion the trial court correctly ruled that the question was not leading. Of the remaining 31 page citations, on some pages we were unable to find any leading questions, and we could only guess at what particular question counsel may now be objecting to as to leading on the other pages.

" 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Fleming v. State,* 236 Ga. 434, 441 (224 SE2d 15). "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review . . ." *Pulliam v. State,* 236 Ga. 460, 465

(224 SE2d 8).

4. The trial court did not err in failing to give defendant's requested instruction "that if the facts in evidence . . . present two theories, one of guilt and the other consistent with innocence . . . then justice and humanity of the law compels the acceptance of the theory which is consistent with innocence. Therefore, if the evidence in this case is consistent with the innocence of the Defendant, then you must acquit him of the crime charged in the indictment."

The requested charge was taken from *Davis v. State,* 13 Ga. App. 142 (1) (78 SE 866) and has been criticized from the date it was written. *Jackson v. State,* 13 Ga. App. 147 (1) (78 SE 867), issued the same date, distinguished the rule of *Davis,* supra, and cases which distinguished it continue to this day. See *Golson v. State,* 130 Ga. App. 577, 579 (203 SE2d 917); *Fleming v. State,* 137 Ga. App. 805, 806 (224 SE2d 792); *May v. State,* 146 Ga. App. 416 (3) (246 SE2d 432). If the requested charge is taken literally, if there is any evidence supporting "two theories" — one of innocence and one of guilt, then the "law compels the acceptance of the theory which is consistent with innocence." Therefore, if the *Davis* case was followed, if the State presented an eyewitness testimony of the defendant's guilt, and a confession from a defendant admitting his guilt — as in the instant case, all a defendant need do is testify that he is innocent and the jury must acquit, because there is evidence in the record supporting each of the theories. This decision was thoroughly discussed and discredited in *Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674) and relegated to a role in cases "dependent solely upon circumstantial evidence." See *Golson v. State,* 130 Ga. App. 577, 579, supra; *Fleming v. State,* 137 Ga. App. 805, 806, supra.

"The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. [Cits.] The trial judge gave ample instructions on the presumption of innocence and the necessity of proving the defendant's guilt beyond a reasonable doubt, and it was not error to fail to charge in the exact language requested." *Young v. State,* 226 Ga. 553, 556 (176 SE2d 52); *May v. State,* 146 Ga. App. 416 (3), supra. "The jury is the sole arbiter of the weight to be given the testimony of each witness; and may believe a part of what one witness swears and disbelieve another part; may believe one witness in preference to a thousand who swear in opposition to his testimony." *Holloway v. State,* 137 Ga. App. 124 (6) (222 SE2d 898).

Finally this Court held, in *Bess v. State,* 138 Ga. App. 528 (2) (226 SE2d 626) that the trial court should "omit this superfluous and potentially misleading language" in its charge. Accord, *Butler v.*

*State,* 139 Ga. App. 92 (2) (227 SE2d 889). We find no error in the refusal to give this charge in the instant case.

5. The defendant argues that the "trial court erred in failing to charge sua sponte that the jury could find [defendants] guilty of theft by taking of property valued at less than $100.00" — a lesser included offense of that charged. The defendants did not request such a charge. "The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354), U. S. Cert. den. 429 U. S. 833.

6. It is alleged that the trial court erred "in permitting the State prosecutor in the presence of the jury to make prejudicial statements which were conclusory that the crime of 'armed robbery' had indeed been committed by the appellants." We are cited to 34 pages where such error is to be found. All 34 references involve questions posed to a witness and no objection was made — on this ground — to any question. Of those 34 pages, on 24 pages we find no reference by the prosecutor to the charged offense of "armed robbery." On 14 of those pages we cannot find any reference by the prosecutor to any type of offense being committed. We did find 9 questions which included references to "the crime," or "this crime," or "the reported crime," or "this situation." There is no error here. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Fleming v. State,* 236 Ga. 434, 441, supra. "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review . . ." *Pulliam v. State,* 236 Ga. 460, 465, supra.

7. The last enumerated error avers that the court erred "in not charging sua sponte on the affirmative defense of self defense or justification . . ." We do not agree. We do not have all of the requested charges of the defendant in the record. The last requested charge is No. 28. However, there is no evidence that a request to charge on this subject was made by the defendant. Failure of the court to charge without such written request was not error. *State v. Stonaker,* 236 Ga. 1, supra.

*Judgments affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED
OCTOBER 8, 1980 —

*Ray C. Norvell,* for appellants.
*Randall Peek, District Attorney, Jon C. Peters, Assistant*

*District Attorney,* for appellee.