## 66653. WILLIAMS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of two counts of selling marijuana in violation of the Georgia Controlled Substances Act. He appeals, contending that the trial court erred in refusing to charge the jury regarding the principle that if two theories of fact exist which are equal in probability, then the one consistent with the defendant's innocence should be the theory accepted as true.

The evidence at trial revealed that appellant had sold marijuana to an undercover deputy sheriff on two separate occasions. The state's evidence consisted of the deputy's testimony and testimony concerning the chain of custody of the plastic packets of marijuana. Appellant's defense consisted of his uncorroborated assertion that he took the deputy's money but did not give him any marijuana.

"The requested charge was taken from *Davis v. State,* 13 Ga. App. 142 (1) (78 SE 866), and has been criticized from the date it was written." *Booker v. State,* 156 Ga. App. 40, 42 (274 SE2d 84), revd. on other grounds, 247 Ga. 74 (274 SE2d 334). " 'If the requested charge is taken literally, if there is any evidence supporting "two theories" — one of innocence and one of guilt, then the "law compels the acceptance of the theory which is consistent with innocence." . . .' " *Griffis v. State,* 163 Ga. App. 491, 492 (295 SE2d 197). The *Davis* decision has subsequently been discredited and limited to cases where the conviction relies exclusively on circumstantial evidence.

*Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674).

In the present case, the state's case is based on the *direct* testimony of the undercover deputy sheriff. Furthermore, appellant's bare assertion that he didn't sell the deputy any marijuana hardly creates two sets of facts that are *equally* plausible. Therefore, we hold that the trial court was correct in refusing to charge this obviously inapplicable theory of law.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 11, 1983.

*O. Wendell Horne III,* for appellant.

*John R. Parks, District Attorney, Barbara Anne Kessler, Assistant District Attorney,* for appellee.