## 67996. LANG v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for trafficking in marijuana, by being in actual possession of more than 100 pounds thereof, in violation of OCGA § 16-13-31 (c).

This case is a companion to *Lang v. State*, 165 Ga. App. 576 (302 SE2d 683), in which defendant's son and co-indictee was convicted and where the facts are set out in detail. In brief, the son was growing large quantities of marijuana on a farm in the controlled environment of a large metal building guarded by a security fence and photo-electric detection devices. Eight hundred seventy pounds of marijuana were found there. In addition to the above facts the State's evidence showed that defendant was the owner of the property, that he arranged for a credit of $75,000 to be available to the son to operate the farm, that he personally assisted in the construction of the building wherein the marijuana was grown, that he obtained from the electric utility an increase in the electric power supply for lighting in the building which exceeded the needs of a farming operation and asked the utility to move the electric meter outside of a security fence to be placed around the building, that he made purchases of or picked up materials used in the marijuana growing such as growing pots, hooks to suspend lights and $15,000 worth of additional super metal arc lights in the building, piping for a large greenhouse, and the parts and

instructions to install a photo-electric alarm system around the building which he said he needed to keep people away from. Defendant installed the alarm system himself, did not want an installer to come to the property, and asked the witness who sold it to him not to show up in court or tell anyone that they had talked on the telephone. Defendant, in testimony, denied any knowledge of the marijuana. *Held*:

1. Defendant asserts that the trial court erred in denying his motion for a directed verdict of acquittal. It is argued that defendant was indicted for knowingly and actually possessing more than 100 pounds of marijuana but that the evidence did not show that he had actual possession because there was no evidence that defendant knew of the marijuana. It is also argued that even if defendant was the owner, his son, who lived on the premises, had equal access and opportunity to commit the offense, while defendant lived in Florida and did not occupy the premises as his son did.

A person is a party to a crime when he intentionally aids or abets the commission of the crime. OCGA § 16-2-20.

The evidence authorized the jury to find beyond a reasonable doubt that defendant's son had actual possession of the marijuana and that defendant had constructive possession by aiding and abetting the son's possession. The evidence being in conflict, it did not demand a verdict of acquittal, and the trial court did not err in denying the motion for a directed verdict. Compare *State v. Lewis*, 249 Ga. 565 (292 SE2d 667).

2. Error is alleged in charging on the marijuana trafficking statute, supra, because that statute, and the indictment thereunder, require actual possession; and charging in connection therewith conspiracy and aiding and abetting which lessen the quantum of proof required for actual possession.

*State v. Lewis*, 249 Ga. 565, supra, has decided this issue adversely to defendant. There the court considered a conviction on an indictment under the same marijuana trafficking statute for the actual possession of more than 100 pounds of marijuana, the same allegation as in the instant case. The facts were that while police officers were observing a grounded airplane which contained marijuana, a truck containing the defendant and another person drove up to the plane. When the two men attempted to enter the plane they were arrested. Defendant admitted that one O'Neal had hired him to pick up the marijuana from the plane. The jury was instructed on aiding and abetting and on actual and constructive possession. The court held: "If not in actual possession of the marijuana, defendant had both the power and the intention to exercise control over it and therefore was in constructive possession from the time the truck stopped at the plane if not before. . . . Moreover, the jury was authorized to find from the evidence, circumstantial as well as direct, that . . . O'Neal

and others were in constructive possession of the marijuana and that the defendant was aiding and abetting O'Neal in that crime; i.e., the defendant was a party to the crime of possession of marijuana." Id. at 567.

The charge on conspiracy also was not error. "Where transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties. [Cits.]" *Heard v. State*, 142 Ga. App. 703 (3), 704 (236 SE2d 911).

Accordingly, this enumeration is without merit.

3. There was no error in refusing to give a requested charge that where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the law compels the acceptance of the theory which is consistent with innocence.

"The requested charge was taken from *Davis v. State*, 13 Ga. App. 142 (1) (78 SE 866) and has been criticized from the date it was written. *Jackson v. State*, 13 Ga. App. 147 (1) (78 SE 867), issued the same date, distinguished the rule of *Davis*, supra, and cases which distinguished it continue to this day. [Cits.] If the requested charge is taken literally, if there is any evidence supporting 'two theories' — one of innocence and one of guilt, then the 'law compels the acceptance of the theory which is consistent with innocence.' Therefore, if the *Davis* case was followed, if the State presented an eyewitness testimony of the defendant's guilt, and a confession from a defendant admitting his guilt . . . all a defendant need do is testify that he is innocent and the jury must acquit, because there is evidence in the record supporting each of the theories. This decision was thoroughly discussed and discredited in *Nolen v. State*, 124 Ga. App. 593, 594 (184 SE2d 674) and relegated to a role in cases 'dependent solely upon circumstantial evidence.' [Cits.]" *Booker v. State*, 156 Ga. App. 40 (4), 42 (274 SE2d 84). Accord *Bearden v. State*, 163 Ga. App. 434 (2) (294 SE2d 667).

4. There was also no error in refusing to charge on the equal access rule. This rule has no application where, as in the instant case, the evidence shows that the son had actual possession of the marijuana and the defendant was in constructive possession of the marijuana as an aider and abettor of the son. See Divisions 1 and 2, supra, and compare *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629).

5. The remaining enumeration has no merit.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 1, 1984 —
REHEARING DENIED JUNE 27, 1984 — 

*Bobby Lee Cook, Howard W. Jones, J. Dunham McAllister*, for appellant.

*Darrell E. Wilson, District Attorney*, for appellee.