## 46875. ROBINSON v. THE STATE.
(380 SE2d 270)

SMITH, Justice.

The appellant, Mark W. Robinson, was convicted of the offenses of murder, possession of a knife during the commission of a crime, and child molestation for which he was sentenced to life imprisonment, five years imprisonment, and twenty years imprisonment, re-

spectively. We affirm.[1]

The appellant lived with his lover and her two daughters, ages eight and thirteen, in their apartment. The thirteen-year-old daughter was sexually molested prior to being stabbed to death.

The appellant's finger was cut, and blood found at the scene of the crimes and on the appellant's clothing matched both the victim's and the appellant's blood types. There was no evidence of any other blood type at the scene of the crimes, and there was no evidence of forced entry into the home.

In addition, a crime scene photograph of the victim showed a broken fingernail protruding from her face, and a broken fingernail was observed at the time of the autopsy. A police officer testified that he noticed that the appellant's fingernails, especially those on his little fingers, were extremely long, and the fingernail on his left hand was shorter than the one on his right hand. The officer further testified that the appellant volunteered, "Oh, I broke my fingernail today." A sample of the appellant's fingernail was sent to the Georgia Bureau of Investigation crime lab to be compared with the broken fingernail found with the victim's body. An expert with the crime lab testified that he could "safely say with a hundred percent degree of certainty that the two nails [he examined] came from the same person." Other evidence presented to the jury implicated the appellant as well.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that the evidence is sufficient to support the appellant's conviction, in that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts the trial court erred in failing to give a requested charge.

The charge requested is to be given only in cases involving circumstantial evidence. *Booker v. State,* 156 Ga. App. 40, 42 (274 SE2d 84) (1980). Since there was direct evidence of the appellant's guilt in this case, the court did not err in refusing to give the requested charge.

3. All the remaining errors enumerated by the appellant concern photographs taken of the victim at the crime scene or prior to the autopsy. The trial court properly admitted the photographs into evidence, and we find no error.

---

[1] The crimes were committed on September 3, 1988. The Lowndes County jury returned its verdict of guilty on December 1, 1988. A notice of appeal was filed on December 7, 1988. The transcript of evidence was filed on March 22, 1989. The record was docketed in this Court on April 5, 1989. The case was submitted on May 19, 1989.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1989.

*Coleman, Kitchens, Wolfson & Smith, Robert D. Cullifer,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.

*Judgment affirmed. All the Justices concur, except Bell and Hunt, JJ., not participating.*