### 4820.  RUSSELL *v.* THE STATE.

POTTLE, J.   1. To constitute a valid levy upon personalty there must be an actual or constructive seizure of the property by the officer. A legal levy is not made by merely posting upon a mound of dirt, which the officer supposes to contain potatoes, a notice of levy on a specified quantity of potatoes, the officer not having seen the potatoes or reduced them to possession, and merely estimating the quantity of potatoes which should be in the mound, basing his estimate upon what he thinks the defendant's crops should have produced.

2. This being a prosecution for larceny, in which the title to the property alleged to have been stolen was laid in the levying officer, and it appearing, from undisputed evidence, that no legal levy was made, no title was shown in the officer, and the conviction was unauthorized. The case at best was extremely weak on the question of criminal intent, even if it authorized a finding at all that the accused took and carried away the property described in the accusation with intent to steal it. It was especially erroneous and prejudicial to charge the jury, in substance, that if they believed that the defendant fraudulently violated the rights of the levying officer, he would be guilty, and to fail to charge that the taking must have been with the intent to steal.

*Judgment reversed.*

DECIDED OCTOBER 7, 1913.

Accusation of larceny; from city court of Louisville—Judge Phillips. March 4, 1913.

*M. C. Barwick,* for plaintiff in error.

*J. R. Phillips, solicitor,* contra.