41539. DUCKSTEIN v. THE STATE.

Argued September 9, 1965—Decided September 21, 1965.

*C. Edwin Rozier, Barrie L. Jones,* for plaintiff in error.
*Dewey Hayes, Solicitor General,* contra.

NICHOLS, Presiding Judge. 1. In order to constitute a levy, the seizure of the property, either actual or constructive, and not the intent to seize, is the final test of the completion of the levy. See *Moore v. Brown &c. Furniture Co.,* 107 Ga. 139, 144 (32 SE 835), and citations.

At the time the purported levy was made in the case sub judice, the deputy sheriff did not enter the building but merely placed a "notice" of levy on one door of the building without viewing the property within the building, without making an inventory of such property, and without doing or saying anything to manifest an intent to seize or obtain custody of the property located

on the premises such as padlocking the building, informing the persons in charge that he was seizing the property, inventorying the contents, etc. In *Russell v. State,* 13 Ga. App. 561 (79 SE 495), it was held: "To constitute a valid levy upon personalty there must be an actual or constructive seizure of the property by the officer. A legal levy is not made by merely posting upon a mound of dirt, which the officer supposes to contain potatoes, a notice of levy on a specified quantity of potatoes, the officer not having seen the potatoes or reduced them to possession, and merely estimating the quantity of potatoes which should be in the mound, basing his estimate upon what he thinks the defendant's crops should have produced. This being a prosecution for larceny, in which the title to the property alleged to have been stolen was laid in the levying officer, and it appearing, from undisputed evidence, that no legal levy was made, no title was shown in the officer, and the conviction was unauthorized." The original levy made in the case sub judice was not sufficient to constitute a valid levy and the next "entry of levy" attached to the laborer's lien showing a levy on 56 described dresses was made after the date of the alleged larceny. Accordingly, the trial court erred in overruling the general grounds of the defendant's motion for new trial.

Additionally, the evidence as to intent was insufficient to authorize the conviction. The sole evidence as to the removal of the strongbox came from the defendant, either from his unsworn statement during the trial or from testimony as to his statements made before the trial. Each such statement was accompanied by an explanation of his actions which would preclude any intent to commit the crime of larceny. The admission that he took the strongbox could not be separated from his explanation. See *Odom v. State,* 106 Ga. App. 60 (126 SE2d 472), and citations. He was an employee of Robin-Lee, Inc., and followed the instructions of the management of such corporation in delivering the strongbox to the home of one of the persons in charge of such corporation under orders of the other person in charge of such corporation. Had the levy been valid, where the corporation was permitted to continue operation under agreement with the sheriff, the management of the corporation was

in charge of the premises, and the defendant in following the instructions of such management was not guilty of larceny in the absence of knowledge of the terms of the agreement made by the corporation and the sheriff. There was no evidence that the defendant knew of such agreement.

2. The first special ground of the amended motion for new trial complains of an excerpt from the court's charge which instructed the jury as to the priority of laborer's liens. According to the allegations of the indictment title was placed in the sheriff and the question as to the priority of liens was not material to the case. Such charge, while correct as an abstract principle of law, was not applicable to the facts in the case. The issue involved was the validity of the levy made and not the priority of the lien upon which it was based.

3. The second special ground assigns error on an excerpt from the charge where the jury was instructed that when a sheriff makes a valid levy upon property the possession of such property is in the sheriff; and the third special ground assigns error on the failure of the trial court to instruct the jury, even without request, as to the elements which constitute a valid levy.

In view of the holding in the first division of the opinion, that under the evidence adduced there was no valid levy, these grounds of the motion for new trial become moot. In the absence of additional evidence on another trial which would authorize a jury to find a valid levy these principles should not be charged. However, if on another trial evidence is adduced which would authorize a finding that a valid levy had been made, then that part of the instructions dealt with in the second special ground: "I charge you, Gentlemen, that when a sheriff makes a valid levy upon property, the possession of such property levied upon is in the sheriff," as well as instructions as to what constitutes a valid levy should be given.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*